

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 DEC 17  AM 10: 51
DEC 1 7 2001
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEARL RIVER NAVIGATION, INC.                CIVIL ACTION
as owner of/and Barge B-103, in rem,
petitioning for exoneration from or          NUMBER 00-0369
limitation of liability

SECTION "K" (1)

## REPORT AND RECOMMENDATION

Pearl River Navigation, Inc. ("Pearl River") filed the complaint in limitation on February 4, 2001. Rec. doc. 1. Claims were made by Wade White, Kevin Prats, Vincent Prats and Otis Hall ("Hall"). Rec. doc. 4. The claimants also filed an answer to Pearl River's complaint. Rec. doc. 5. There was a preliminary conference on June 1, 2000, where a pretrial conference was set for January 19, 2001, and a trial without a jury was set for February 5, 2001, before United States District Judge Duval. Rec. doc. 7. Pearl River filed a counterclaim against the claimants. Rec. docs. 9 and 10. On September 18, 2000, Judge Duval notified the parties that the February 5, 2001 trial date would be enforced.

At the preliminary conference Judge Duval ordered the parties to contact the undersigned and schedule a settlement conference prior to the January 19, 2001, pretrial conference. Rec. doc. 7. Pursuant to Judge Duval's order a settlement conference was held on January 17, 2001, two days before the pretrial conference. At the settlement conference counsel for Pearl River and the

DATE OF MAILING _____ DEC 1 7 2001

DATE OF ENTRY
DEC 1 7 2001

Doc.No. 24

claimants participated. A settlement agreement was reached. Rec. doc. 20. Judge Duval issued an order closing the case and it was removed from the trial calendar. Rec. doc. 21.

In July, 2001, the undersigned was notified that Hall had not executed the final settlement documents as agreed at the settlement conference in January. Hall was ordered to show cause on August 1, 2001, before the undersigned why he should not be compelled to finalize the settlement. Rec. doc. 22. Counsel for Hall appeared and represented that his client had received the settlement documents and had told counsel that he would sign the documents within a week. Rec. doc. 23. The undersigned was subsequently notified by counsel for Pear River that Hall has not signed the release.

## TERMS OF THE SETTLEMENT AGREEMENT

Under the terms of the settlement, Hall, in consideration of the receipt of $2,500.00, agreed to release the Barge B-103, the M/V Captain Allen, Pearl River Navigation, Inc. and related parties from any claims for damages that Hall had arising out of injuries he sustained while working on the M/V Miss Amy on August 6, 1999, when there was a collision with Barge B-103. The agreement applied to this action and to "Wade White, et al v. Pearl River Navigation, Inc.," 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, No. 88-426, Division "C". Copies of the receipt and release (the "Release") and the check for $2,500 in payment of the settlement (the "Check") are attached.

## RECOMMENDATION

Hall has unreasonably refused to sign the Release and conclude the settlement agreement that was reached in January, 2001. Fed. R. Civ. P. 70 provides that:

> If a judgment directs a party to execute . . . documents or perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person

appointed by the court and the act when so done has like effect as if done by the party. . . . The court may also in proper cases adjudge the party in contempt.

The undersigned recommends that a judgment be issued directing that, pursuant to Fed. R. Civ. P. 70, Hall's counsel, Glenn E. Diaz, be appointed by the court to execute the Release on behalf of Hall and that the settlement funds due Hall be placed in the registry of this Court.

Accordingly, IT IS RECOMMENDED that a judgment be entered in favor of Pearl River and against Hall requiring him to execute, through his attorney, the Release within fourteen (14) calendar days of the entry of the judgment. Thereafter the agreed to settlement will be considered final and Mr. Hall may move to withdraw the funds from the registry of the Court.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12 day of December, 2001.

SALLY SHUSHAN
United States Magistrate Judge

Clerk shall serve Otis Hall via regular mail
3345 Baccich Street
New Orleans, LA 70122

3

## RECEIPT AND RELEASE

**STATE OF LOUISIANA**

**PARISH OF ST. BERNARD**

  BE IT KNOWN TO ALL MEN that I, Otis Hall, for and in consideration of the sum of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00), of which receipt is hereby acknowledged, do hereby release, remise, and forever discharge Barge B-103 and M/V Captain Allen, their crews, owners, masters, agents, charterers, operators, managers, underwriters, and/or insurers and Pearl River Navigation, Inc., its respective agents, underwriters, insurers, employees, directors, stockholders, officers, and all predecessor, parent, successor, and/or affiliated corporations, partners, and/or joint venture interests, and any other persons or entities who might be or may later become liable (collectively the "released parties") of and from any and all manner of actions, suits, and/or claims for damages I have had, now have or may hereinafter acquire, arising out of my, Otis Hall's accident while working aboard M/V MISS AMY on or about August 6, 1999, wherein I sustained injuries to my lower back and other parties of my body during a collision with Barge B-103 including, without exclusion, all claims for past and future maintenance and cure, pain and suffering, lost wages, medical expenses, mental anguish, punitive damages, loss of consortium, and all other claims related to the aforesaid accident whether caused in equity, in admiralty, or law, including, but not limited to, all rights or causes of action under the laws or statutes of the United States of America; the Jones Act; the General Maritime Law; the Longshore and Harbor Worker's Compensation Act; any claim or cause of action for personal injury; the laws of the State of Louisiana, particularly, but not exclusively, Articles 2315, 2317 and 2322 of the Louisiana Code of Civil Procedure; the Louisiana Direct Action Statute, LSA R.S. 22:655; and/or any other law or laws which may afford a right or cause of action for any other legally recoverable category of damage growing out of or in any way directly or indirectly connected with the aforesaid accident, all as is more fully set forth in the hereinafter mentioned suits and claim; and full discharge and acquittal is hereby given by me unto the parties herein above mentioned from any and all such claims, known or unknown, past, present, or future.

**DATE:** _____ _____

                       **Otis Hall**

**PAGE 1 OF 4 PAGES**

The payment herein made is also in full and complete settlement, satisfaction, compromise and discharge of any and all claims made by me, or which could have been made by me against the released parties for the accident sued upon in the case of <u>Wade White, Otis Hall, Kevin Prats and Vincent Prats vs. Pearl River Navigation, Inc. and ABC Insurance Company</u> in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, No. 88-426, Division "C", and <u>In The Matter of Pearl River Navigation, Inc. as Owner of/and Barge B-103, in rem, Petitioning for Exoneration From Or Limitation of Liability</u> in the United State District Court, Eastern District of Louisiana, No. 00-0369, Division "K", and I hereby authorize and instruct my attorney to dismiss said suits and claims with prejudice, as of compromise, each party to bear its respective costs of Court.

As a further consideration of the aforesaid payment made herein, as a part of this agreement, I, Otis Hall, specifically and expressly agree to protect, defend, indemnify, and hold harmless the released parties and any other persons or entities who might be or may later become liable ("released parties") of and from any and all further liability or responsibility for loss, damage, expense, or claims of any nature by anyone, directly or indirectly, as a result of the accident, whether such claim be made by way of indemnity, contribution, subrogation, or otherwise, and such agreement extends to claims for past and future pain and suffering, loss of wages, medical expenses, loss of consortium, maintenance and cure, compensation benefits, and any other claims that have been or may be asserted in connection with the accident. I make this agreement despite any negligence or fault the "released parties" may have had in causing or contributing to the accident aforementioned.

In the event I claim against some person or entity not released by this Receipt and Release as a consequence of the accident or the injuries directly or indirectly related, I agree not to execute on any judgment or prosecute any claim (including one for compensation benefits) which would require the "released parties" to pay any further money to me, to the persons or entities against whom claim, or to other third parties.

DATE: _____    _____
                                          Otis Hall

PAGE 2 OF 4 PAGES

I fully understand that I may have permanently disabling injuries which may become worse over time. As a further consideration of this settlement, I agree not to seek future employment with any of the released parties.

It is expressly understood and agreed by me that all payments and agreements aforesaid are made purely by way of compromise and settlement and are in no way to be construed as an admission of liability on the part of any party. I have had explained to me my legal rights under the law, and I fully understand my legal rights. Having received such information, and fully realizing the significance thereof, I decided to make this settlement in my own behalf in order to resolve the disputed issues of fact and/or law which are involved in my claims against the above mentioned parties, and I voluntarily make this settlement of my own free will and my own volition in order to resolve all of my claims once and for all.

**THUS DONE AND EXECUTED** in multiple originals at Chalmette, Louisiana, this _____ day of April, 2001.

**WITNESSES:**

_____        _____
                                       Otis Hall

_____

PAGE 3 OF 4 PAGES

## CERTIFICATE OF ATTORNEY

I hereby certify that prior to the signing of the foregoing Receipt and Release by Otis Hall on the date shown above, I, a member of the Bar of the State of Louisiana, fully explained to him all of his rights against the parties released under the applicable law, including the significance of all matters which are the subject of the above and foregoing Receipt and Release, including the indemnity obligations and the fact he is relinquishing his rights to any future claims against the parties named, and Otis Hall confirmed to me that he fully understood all of his rights and the significance of the release he was to execute and that the release was executed for the uses and purposes set forth therein as his own free act and deed.

Chalmette, Louisiana, this _____ day of April, 2001.

_____
Authorized Counsel

**STATE OF LOUISIANA**

**PARISH OF ST. BERNARD**

On the day and date set forth above, before me, personally came and appeared:

**Otis Hall**

to me known to be the individual who executed the foregoing instrument, and he acknowledged to me that he executed the same for the purposes and consideration therein expressed, and none other.

Sworn to and subscribed before me this _____ day of April, 2001.

_____
NOTARY PUBLIC

**MARINER MANAGEMENT GROUP, INC.** 000832

| 3/15/01 | 1532 | RODCO MARINE, INC. | $2,500.00 |
|---|---|---|---|
| | | WADE WHITE"/"D&L #102 | |
| | | MMG99050052-08/05/99 | |
| | | OTISP99MG1055 | |

| 3/28/01 | 000832 | OTIS HALL | $2,500.00 |
|---|---|---|---|

---

**MARINER MANAGEMENT GROUP, INC.**
CLAIMS ACCOUNT 3
42 W. ALLENDALE AVE.
ALLENDALE, NJ 07401

COMMERCE BANK / NORTH
63 WEST ALLENDALE AVENUE
ALLENDALE, NJ 07401
55-85/212 1

000832

Memo:

| CHECK NO. | DATE | AMOUNT |
|---|---|---|
| 000832 | Mar 28, 2001 | ******$2,500.00 |

PAY TO THE ORDER OF: Two Thousand Five Hundred and 0/100 Dollars

OTIS HALL
C/O TERRIBERRY CARROLL & YANCEY
3100 ENERGY CENTRE
NEW ORLEANS, LA 70163-3100

AUTHORIZED SIGNATURE

⑊000832⑊ ⑊021200957⑊ ⑊037⑊03400 6⑊

---

**MARINER MANAGEMENT GROUP, INC.**

| 3/15/01 | 1532 | RODCO MARINE, INC. | $2,500.00 |
|---|---|---|---|
| | | WADE WHITE"/"D&L #102 | |
| | | MMG99050052-08/05/99 | |
| | | OTISP99MG1055 | |

| 3/28/01 | 000832 | OTIS HALL | $2,500.00 |
|---|---|---|---|

000832

FORM #PW1300

ENDORSE HERE
Without Recourse, Pay to the order of
OTIS HALL
_____
Terriberry, Carroll & Yancey, LLP
By: _____
John A. Bolles
DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

FEDERAL RESERVE BOARD OF GOVERNORS REG. CC